County Commissioners — Property — Conveyance The County Commissioners of Murray County may not convey real property in Sulphur belonging to said county to Independent School District 1-1, Sulphur, Oklahoma, for a school district building site without accepting bids from the general public for such property. The Attorney General is in receipt of your letter of recent date wherein you state the County Commissioners of Murray County, Oklahoma, wish to convey certain real property in the City of Sulphur belonging to Murray County, Oklahoma, to Independent School District No. 1-1, Sulphur, Oklahoma, for a building site. You imply in your letter and have stated to us orally that this conveyance is sought for little or no consideration. The property was not purchased by Murray County, Oklahoma, with the proceeds of a county bond issue but was acquired as a gift. You in effect ask the following question: May the Board of County Commissioners of Murray County, Oklahoma, convey real property in Sulphur, Murray County, Oklahoma, belonging to said county to Independent School District I-1, Sulphur, Oklahoma, for a school building site without accepting bids from the general public for such property? The only authority we are able to find which would enable the County Commissioners to convey real property, excepting that sold to the county for taxes, is contained in 19 O.S. 339 [19-339] (1961), which in part provides: "They Board of County Commissioners shall have power: "First: To make all orders respecting the property of the county, to sell the public grounds of the county, and to purchase other grounds in lieu thereof, and for the purpose of carrying out the provisions of this section it shall be sufficient to convey all the interests of the county in such grounds when an order made for the sale and a deed is executed in the name of the county by the chairman of the board of commissioners, reciting the order, and signed and acknowledged by him for and on behalf of the county." And 19 O.S. 342 [19-342], 19 O.S. 343 [19-343] [19-343] and 19 O.S. 344 [19-344] (1961). The pertinent part of Section 342 provides as follows: "The board of county commissioners is authorized to sell any unused town lots or parcels of ground not needed for courthouse or jail purposes of any county to the highest bidder for cash, in the manner hereinafter provided." The remainder of Section 19 O.S. 342 [19-342] and 19 O.S. 343 [19-343] and 19 O.S. 344 [19-344] provide for a resolution by the Board of County Commissioners, published in with the proceedings of the board, for appraisement, notice of sale, bids, and award to highest and best bidder; that the property must bring at least eighty per cent of the appraised value; and that the board has the power to reject any and all bids. It was suggested by you that the provisions of the Interlocal Cooperation Act, 74 O.S. 1001 [74-1001] to 74 O.S. 1008 [74-1008] (1967), might authorize the Board of County Commissioners of Murray County, Oklahoma to convey real property belonging to said county to Independent School District No. I-1, Sulphur, Oklahoma, with little or no consideration and without offering said real property for sale to the general public, as provided in Sections 19 O.S. 342 [19-342], 19 O.S. 343 [19-343] and 19 O.S. 344 [19-344], supra. No agreement or contract for services was submitted to this office for approval under the terms of the Interlocal Cooperation Act. 74 O.S. 1001 [74-1001] (1967), in part provides: "It is the purpose of this act to permit local governmental units to make the most efficient use of their powers . . ." (Emphasis added) 74 O.S. 1004 [74-1004] (1967), in part provides: "(a) Any power or powers, privileges or authority exercised or capable of exercise by a public agency of this state may be exercised and enjoyed jointly with any other public agency of this state. . . . "(e) No agreement made pursuant to this act shall relieve any public agency of any obligation or responsibility imposed upon it by law. . . . "(f) Every agreement made hereunder shall, prior to and as a condition precedent to its entry into force, be submitted to the Attorney General who shall determine whether the agreement is in proper form and compatible with the laws of this state. . . . "(g) Financing of joint projects by agreement shall be as provided by law. " (Emphasis added) 74 O.S. 1008 [74-1008] (1967) provides: "Any one or more public agencies may contract with any one or more other public agencies to perform any governmental service, activity, or undertaking which any of the public agencies entering into the contract is authorized by law to perform, provided that such contract shall be authorized by the governing body of each party to the contract. Such contract shall set forth fully the purposes, powers, rights, objectives and responsibilities of the contracting parties." (Emphasis added) In the case of Brown v. State Election Board, (Okla) 369 P.2d 140 and in the case of Shaw v. Grumbine, 137 Okl. 95,278 P. 311, the court said: "Public officers have only such authority as is conferred upon them by law and such authority must be exercised in the manner prescribed by law." You will note from the quoted provisions of the Interlocal Cooperation Act that the language throughout the same presupposes the parties to the agreement or the contract entered into under the act have the power and authority under applicable law to so act. And, even under Section 1008 thereof the "contract shall be authorized by the governing body of each party." The Board of County Commissioners cannot authorize a contract to convey real property belonging to a county except in the manner provided by law as set out in Sections 342, 343 and 344, supra. It is therefore the opinion of the Attorney General that your question be answered in the negative. (W. J. Monroe)